**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Fabian Ramiro Avendano Salas,

Petitioner,

v.

Todd Blanche, et al.,

Respondents.

No. CV-26-05863-PHX-KML

**ORDER**

Petitioner Fabian Ramiro Avendano Salas, who is represented by counsel, filed a petition for a writ of habeas corpus challenging his immigration detention. (Doc. 1.) Respondents filed an answer (Doc. 8) and Avendano Salas failed to reply. Because Avendano Salas has not met his burden of showing he is entitled to a writ of habeas corpus, the petition is denied. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In . . . federal habeas proceedings, it is the petitioner who bears the burden of proving his case.").

Avendano Salas asserts four claims for relief—confusingly numbered Counts One, Five, Six, and Seven—all focused on his continued detention. (Doc. 1 at 13-18.) But Avendano Salas admits an immigration judge ("IJ") provided him with a bond hearing on August 6, 2026 and denied bond because he was a flight risk and a danger. (Doc. 1 at 5.) A bond hearing is the appropriate remedy for the constitutional violations Avendano Salas alleges. *See Padilla v. United States Immigr. & Customs Enf't*, --- F.4th -----, 2026 WL 2822044, at *18 (9th Cir. 2026) (describing the "long history" of substantive due process

limitations on the government's ability to detain people, including "the widespread availability of bail" and "judicial review of the legality of confinement"); *see also* *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1210 (9th Cir. 2022).

Avendano Salas argues the IJ abused his discretion in denying bond. (Doc. 1 at 12.) But the reasons Avendano Salas provided to support this argument all amount to a complaint that the IJ mis-weighed the evidence. (*E.g.* Doc. 1 at 14-16 (arguing Avendano Salas's driving convictions were old, one involved only ".2 grams of marijuana," and if he is successful in obtaining work authorization he will be allowed "to obtain a driver's license thus eliminating any traffic citations").)[1] The court cannot reweigh the evidence the IJ considered as Avendano Salas requests. *See Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (in the context of a dangerousness determination, federal courts "cannot reweigh evidence" and "can only determine whether the [immigration court] applied the correct legal standard") (simplified). In addition, Avendano Salas filed this petition while his appeal of the IJ's bond denial was pending before the Board of Immigration Appeals ("BIA"). (Doc. 8 at 1.) Even if the court could properly review Avendano Salas's claims, it would decline to exercise its discretion to excuse administrative exhaustion given the pending BIA appeal. *Cf. Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (when a petitioner has not appealed an IJ's bond decision to the BIA, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused."); *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007).

Avendano Salas also requests the court stay his removal and enter some other form of injunctive relief. (Doc. 1 at 16, 18.) His petition does not contain sufficient facts supporting a claim for relief and he has not otherwise established a likelihood of success on the merits or that there are serious questions going to the merits. *Arc of California v. Douglas*, 757 F.3d 975, 983 (9th Cir. 2014). Having failed to make the necessary threshold

[1] To the extent Avendano Salas seeks to challenge the facts underlying his state-court convictions, this is not the appropriate forum. *See Al-Najar v. Mukasey*, 515 F.3d 708, 714-15 (6th Cir. 2008) (collecting cases holding that alien petitioners may not collaterally attack criminal convictions through habeas petitions challenging their immigration proceedings).

showing, there is no need to reach the remaining preliminary injunction factors. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

Accordingly,

**IT IS ORDERED** the petition for writ of habeas corpus (Doc. 1) is denied.

**IT IS FURTHER ORDERED** that any remaining pending motions are denied as moot. The clerk of court shall enter judgment accordingly and close this case.

Dated this 27th day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**